IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES H. HINKLE,

    Plaintiff,

vs.

Case No. 2:21-cv-4447
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

JUDGE STEPHANIE MINGO, *et al.*,

    Defendants.

---

JAMES H. HINKLE,

    Plaintiff,

vs.

Case No. 2:21-cv-4680
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

JUDGE STEPHANIE MINGO, *et al.*,

    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Notice of Amending Complaint Memorandum in Support of Amending Complaint. (ECF No. 9 in Case No. 2:21-cv-4447; ECF No. 6 in Case No. 2:21-cv-4680[1].) Construing the subject Notice as a Motion to Amend, the Court **GRANTS** the Motion and designates Plaintiff's filing as the operative Amended Complaint in this action.

---

[1] For ease of reference, the Court will exclusively cite to the Case No. 2:21-cv-4447 docket unless otherwise noted.

1

This matter is now before the Court for an initial screen of Plaintiffs' Amended Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiffs' Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiffs' claims in their entirety.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

---

[2] Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court

holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff, proceeding without the assistance of counsel, asserts claims against Franklin County Municipal Court Judge Stephanie Mingo and City of Columbus Assistant City Attorney Stephen Dunbar. (ECF No. 1-1.) Plaintiff generally asserts claims against Defendants arising out of a lawsuit filed in the Franklin County Municipal Court to which Plaintiff is a party. (*Id.*) On January 18, 2022, Plaintiff filed a Notice of Amending Complaint Memorandum in Support of Amending Complaint, which the Court now construes as the Amended Complaint. (ECF No. 9.) In the Amended Complaint, Plaintiff again asserts claims against Defendants Mingo and Dunbar arising out of the same state court lawsuit. (*Id.*)

Liberally construing Plaintiff's Complaint, it appears that he alleges that he owns a property that has been the subject of multiple proceedings in the Franklin County Municipal Court, and that in recent years Defendants have abused the legal process and "are attempting to steal [his] property." (*Id.* at PAGEID ## 95-99.) Plaintiff appears to take issue with certain adverse rulings from Defendant Judge Mingo, and also alleges injury from Defendant Dunbar's "overzealous prosecution" of the underlying Municipal Court action. (*Id.* at PAGEID # 102.) Specifically, Plaintiff alleges that Defendant Dunbar has made false statements, failed to appear for oral argument, improperly re-opened a closed case, improperly communicated *ex parte* with

4

Defendant Judge Mingo, and reneged on a mediation agreement with Plaintiff. (*Id.* at PAGEID ## 93-103.)

Plaintiff seeks the following relief: to have a judgment overturned in the underlying Franklin County Municipal Court action; "to stop [Defendants] from ordering any more status conferences, contacting me or keeping the case open in the lower court" in the underlying Franklin County Municipal Court action; to have Defendant Judge Mingo "temporarily removed from her position as Municipal Environmental Court Judge . . . that she be removed without pay and benefits and without being able to run for re-election or any other office while the appeals are in the lower courts and in the federal courts that concerns this case"; and to have Defendant Dunbar "temporarily removed from his position without pay and benefits and without being able to run for any public office." (*Id.* at PAGEID ## 101-102.) Plaintiff also seeks "$250,000 for each violation of [his] rights and undue harassment." (*Id.* at PAGEID # 104.)

### III.

Plaintiff's claims should be dismissed, because no matter how liberally the Court construes Plaintiff's allegations, both Defendant Judge Mingo and Defendant Dunbar are entitled to absolute immunity from civil liability. First, Defendant Judge Mingo is entitled to absolute judicial immunity as a state court judge for the Franklin County Municipal Court. *Padgett v. Kentucky*, No. 1:21-CV-12, 2021 WL 215647, at *3 (S.D. Ohio Jan. 21, 2021) ("Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them.") (collecting cases).

Defendant Dunbar also is entitled to absolute immunity as an Assistant City Prosecutor. *Id.* ("State prosecutors enjoy similar absolute immunity for acts taken in their capacity as

5

prosecutors.") (collecting cases); *Kanu v. City of Cincinnati*, No. 1:19-CV-156, 2021 WL 779078, at *6 (S.D. Ohio Mar. 1, 2021), *report and recommendation adopted*, No. 1:19-CV-156, 2021 WL 3036722 (S.D. Ohio July 19, 2021) ("Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'") (quoting *Manetta v. Macomb Cnty. Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))). "Such 'absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously.'" *Kanu*, 2021 WL 779078, at *6 (quoting *Lomaz v. Hennosy*, 151 F.3d 493, 498 n.7 (6th Cir. 1998) (citing *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989)). Plaintiff's Amended Complaint contains no plausible allegations upon which this Court could rely to conclude that the exceptions to judicial and prosecutorial immunity apply to exempt Defendant Judge Mingo or Defendant Dunbar.[3]

Although the judicial inquiry ends there, the Undersigned notes that Plaintiff's claims also are barred by the *Rooker-Feldman* doctrine, which "bars lower federal courts from conducting appellate review of final state-court judgments." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012). As a result, this Court has no authority to overturn a judgment in the underlying Franklin County Municipal Court proceedings, as Plaintiff desires. *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) ("If the source of the injury is [a] state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction.").

---

[3] The Undersigned notes that this Court already has dismissed substantially similar claims against Defendant Judge Mingo and Defendant Dunbar on these grounds. *See Marshall v. Thacker*, No. 2:21-CV-4838, 2021 WL 4905201, at *2 (S.D. Ohio Oct. 21, 2021). The *Marshall* case appears to have been brought by another co-party to the underlying Franklin County Municipal Court proceedings (a co-party who had the same mailing address as Plaintiff in this action), and the Undersigned takes judicial notice that the *Marshall* Complaint repeats verbatim many of the same allegations from the pleadings in these actions.

For all of these reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims, in both of the above-captioned cases, in their entirety.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: February 17, 2022**        */s/ Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **UNITED STATES MAGISTRATE JUDGE**