IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES H. HINKLE,** | : | Case No. 2:21-cv-4447 |
| | : | |
| Plaintiff, | : | Chief Judge Algenon L. Marbley |
| | : | |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| **STEPHEN DUNBAR**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **JAMES H. HINKLE,** | : | Case No. 2:21-cv-4680 |
| | : | |
| Plaintiff, | : | Chief Judge Algenon L. Marbley |
| | : | |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| **STEPHANIE MINGO**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter comes before this Court on Plaintiff's Objections (ECF No. 11 in Case No. 2:21-cv-4447; ECF No. 8 in Case No. 21-cv-4680)[1] to the Magistrate Judge's Report & Recommendation ("R&R") (ECF No. 10) recommending this Court dismiss Plaintiff's Amended Complaint in its entirety. Upon *de novo* review by this Court, and for the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the Report & Recommendations (ECF No. 10 in Case No. 2:21-cv-4447; ECF No. 7 in Case No. 21-cv-4680) are **ADOPTED**. Plaintiff's Motions to Stay Proceedings (ECF No. 12 in Case No. 21-cv-4447; ECF No. 9 in Case No. 21-cv-4680)

---

[1] For ease of reference, this Court will exclusively cite to the Case No. 2:21-cv-4447 docket unless otherwise noted.

1

are **DENIED** as **MOOT**. Plaintiff's claims, in both above-captioned cases, are **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

Plaintiff, Mr. James H. Hinkle, filed a Complaint against the Defendants, Franklin County Municipal Court Judge Stephanie Mingo and City of Columbus Assistant City Attorney Stephen Dunbar on September 10, 2021. (ECF No. 3). Plaintiff asserted that Defendant Judge Mingo did not have jurisdiction over a lawsuit Defendant Dunbar brought on behalf of the City of Columbus, arguing that real property Plaintiff owned in the city was in violation of city housing ordinances and constituted a public nuisance. (ECF No. 7 at 2). Plaintiff asserted in his Complaint that Defendants were attempting to steal this real property from him, were abusing the legal process to do so, and were violating the Fifth Amendment Takings Clause. (ECF No. 6 at 7). Plaintiff further argued that Defendants had committed contempt of court by telling Plaintiff that he did not need to appear for a status conference regarding the City of Columbus lawsuit when Defendants knew otherwise. (ECF No. 7 at 11—12). Plaintiff also implicated the Ohio Tenth District Court of Appeals for having alleged *ex parte* communications with the Defendants when it added issues "that were not in the complaint or the judgment by Judge Mingos' [sic]." (ECF No. 6 at 10).

On February 17, 2022, Magistrate Judge Elizabeth Deavers issued an R&R construing Plaintiff's Notice of Amending Complaint Memorandum in Support of Amending Complaint as a Motion to Amend the Complaint. (ECF No. 10 at 1). Accepting the Amended Complaint, Magistrate Judge Deavers recommended, *sua sponte*, that this Court dismiss Plaintiff's Complaint in its entirety because Defendants had absolute immunity from civil liability through judicial and prosecutorial immunity. (*Id.* at 2, 5). Plaintiff objected to the R&R on February 25, 2022. (ECF No. 11). Plaintiff's objection rests first on the contention that Judge Mingo did not have subject

2

matter jurisdiction over the lawsuit the City of Columbus brought against him in Franklin County Municipal Court. (*Id.* at 3–4). Second, Plaintiff contends that because the City of Columbus' lawsuit is civil and not criminal, Stephen Dunbar does not have absolute immunity from civil liability. (*Id.* at 3).

## II. STANDARD OF REVIEW

If any party objects to a Magistrate Judge's R&R, this Court must "make a *de novo* determination of those portions of the report of specified proposed findings of recommendations to which objections are made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b).

It is well established that, "a pro se litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys." *Brown v. City of Columbus*, No. 2:18-cv-521, 2018 WL 4654693, at *1 (S.D. Ohio Sep. 27, 2018) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Even so, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Clemons v. Metro. Gov't of Nashville & Davidson Cty.*, 664 F. App'x 544, 546 (6th Cir. 2016) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). Even where a litigant is pro se, the Federal Rules of Civil Procedure still require a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive this requirement, "a

complaint must contain sufficient factual matter…to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### III. LAW & ANALYSIS

### A. Plaintiff's Objections

Plaintiff asserts that because Judge Mingo did not have subject matter jurisdiction over the City of Columbus lawsuit, Judge Mingo does not have absolute judicial immunity. (ECF No. 11 at 3–4). This assertion is based on two premises. First, Plaintiff alleges Stephen Dunbar did not fully cite two Ohio Revised Code sections, O.R.C. 3767.41(B)(1)[2] and O.R.C. 1901.181[3], which establish subject matter jurisdiction in Ohio courts for enforcing local housing ordinance, so the record does not fully establish subject matter jurisdiction. (*Id.* at 4). Second, Plaintiff argues that Judge Mingo legally could not rule on whether the Franklin County Municipal Court Environmental Division had jurisdiction once Plaintiff challenged its existence because jurisdiction must be determined by an appellate court. (*Id.*).

Plaintiff asserts that Dunbar does not have absolute prosecutorial immunity because Dunbar is acting for the City of Columbus in a civil case against Plaintiff, not in a criminal case. (*Id.* at 3). Further, Plaintiff argues Defendants do not have absolute immunity from civil liability,

---

[2] "In any civil action to enforce any local building, housing, air pollution, sanitation, health, fire, zoning, or safety code, ordinance, resolution, or regulation applicable to buildings, that is commenced in a court of common pleas, municipal court, housing or environmental division of a municipal court, or county court, or in any civil action for abatement commenced in a court of common pleas, municipal court, housing or environmental division of a municipal court, or county court, by a municipal corporation or township in which the building involved is located, by any neighbor, tenant, or by a nonprofit corporation that is duly organized and has as one of its goals the improvement of housing conditions in the county or municipal corporation in which the building involved is located, if a building is alleged to be a public nuisance, the municipal corporation, township, neighbor, tenant, or nonprofit corporation may apply in its complaint for an injunction or other order." O.R.C. 3767.41(B)(1).

[3] "If a municipal court has a housing or environmental division, the division has exclusive jurisdiction within the territory of the court in any civil action to enforce any local building, housing, air pollution, sanitation, health, fire, zoning, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation, buildings, structures, or any other real property subject to any such code, ordinance, or regulation." O.R.C. 1901.181(A)(1).

that his objection should be sustained, and Plaintiff's lawsuit should be permitted to continue. (*Id.*). Upon review, this Court finds the Magistrate Judge did not err.

### B. Judicial Immunity

The Supreme Court has recognized immunity for public officials when they are acting within the capacity of their position and do not violate well-established Constitutional rights. *See Nixon v. Fitzgerald*, 457 U.S. 731, 755 (1982) (president); *Anders v.* Cuevas, 984 F.3d 1166, 1188 (6th Cir. 2021) (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1988) (legislators)). Absolute immunity has been extended to judges, and "[i]t is well established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Two exceptions to judicial immunity have been recognized: "[f]irst, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (citations omitted). When a judge's immunity is at issue, however, the scope of her jurisdiction is construed broadly. *Cooper v. Rapp*, 702 F. App'x 328, 332 (6th Cir. 2017) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

Relevant here, Ohio law permits a municipal corporation to enforce any local building or housing code in an environmental division of a municipal court. O.R.C. 3767.41(B)(1). Environmental divisions of a municipal court have exclusive jurisdiction over any civil action to enforce local housing codes within the territory of the court. O.R.C. 1901.181(A)(2).

Construing Plaintiff's allegations against Judge Mingo as liberally as possible, Plaintiff's objection cannot overcome the requirement that there be a clear absence of subject matter jurisdiction. Judge Mingo is the Franklin County Municipal Court Judge in the Environmental

5

Division. (ECF No. 14, Ex. C at 1). The real property at issue in the lawsuit was situated within Franklin County and the City of Columbus. (ECF No. 5 at 2). The City of Columbus brought the lawsuit against Plaintiff for alleged housing code violations and for being a public nuisance. (*Id.*). Housing code violations and public nuisance in Franklin County are tried before the Environmental Division of the Franklin County Municipal Court, the court of Judge Mingo, giving her exclusive jurisdiction over the lawsuit between the City of Columbus and Plaintiff. Therefore, Judge Mingo has jurisdiction, giving her absolute judicial immunity from civil liability in Plaintiff's action against her.

### C. Prosecutorial Immunity

The Supreme Court also recognizes absolute immunity for prosecutors when performing certain duties. *See Imbler v. Pachtman*, 424 U.S. 409, 42 (1976) (prosecuting defendant); *Rogers v. O'Donnell*, 737 F.3d 1026, 1032 (6th Cir. 2013) (evaluating evidence). Qualified immunity, however, applies in other circumstances. *See Watkins v. Healey*, 986 F.3d 648, 662 (6th Cir. 2021) (threatening witness during questioning); *Wendrow v. Mich. Dep't of Human Servs.* 534 F. App'x 516, 527 (6th Cir. 2013) (participating in unconstitutional police interview before grand jury impaneled); *Rieves v. Town of Smyrna*, 959 F.3d 678, 693 (6th Cir. 2020) (giving advice to police). To determine which immunity applies, "this Court must employ a 'functional analysis' that focuses on the nature of the act performed rather than the identity of the actor who performed it." *Abdulsalaam v. Franklin Cty. Bd. of Comm'rs*, 637 F. Supp. 2d 561, 580–81 (S.D. Ohio 2009) (citing *Buckley*, 509 U.S. at 269). The nature of the act focuses on whether the "challenged activit[y] was an integral part of the judicial process." *Imbler*, 424 U.S. at 430 (quotations omitted). Most importantly, a court must consider "whether the actions in question are those of an advocate." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000).

6

While the Sixth Circuit has not directly addressed the issue, other federal circuit courts of appeal have concluded that absolute immunity for government attorneys in civil proceedings is also appropriate, but is limited to when "the government attorney [takes] action that only a legal representative of the government could take." *Stapley v. Pestalozzi*, 733 F.3d 804, 812 (9th Cir. 2013). In *Stapley*, the county attorney filed fraudulent civil RICO charges and was denied absolute immunity in the subsequent lawsuit because anyone, not just a government attorney, could bring a civil RICO case. *Id.* at 807. *See* 18 U.S.C. § 1964(c). Conversely, IRS attorneys were granted absolute immunity stemming from their actions in civil tax-collection lawsuits because only the IRS could initiate tax-collection lawsuits. *See Fry v. Melaragno*, 939 F.2d 832, 838 (9th Cir. 1991); *Flood v. Harrington*, 532 F.2d 1248, 1252 (9th Cir. 1976). The Ninth Circuit also recognizes that state attorneys acting in civil forfeiture proceeding are absolutely immune from civil suit for their actions in the proceeding. *See Torres v. Goddard*, 793 F.3d 1046, 1052 (9th Cir. 2015). The Third Circuit recognizes that state agency attorneys receive absolute immunity when arguing before the state supreme court on appeal for the agency. *See Spuck v. Pa. Bd. of Prob. & Parole*, 563 F. App'x 156, 158 (3rd Cir. 2014). This reasoning is persuasive and aligns with the Sixth Circuit's policy guiding government attorney immunity so "advocates…can perform their respective functions without harassment or intimidation." *Stockdale v. Helper*, 979 F.3d 498, 503 (6th Cir. 2020) (quoting *Butz v. Economou*, 438 U.S. 478, 512 (1978)).

Defendant Dunbar acted on behalf of the City of Columbus in his official capacity when he appeared before Judge Mingo in the lawsuit against Plaintiff. (ECF No. 14, Ex. A at 1). He sought to enforce the City of Columbus housing code and impose contempt charges against Plaintiff until he brought his property into compliance (*Id.*). Ohio law permits the local municipality where the property is located to bring suits for housing code violations. O.R.C.

7

3767.41(B)(1). Plaintiff fails to present any evidence that Defendant Dunbar, in his official capacity, acted unconstitutionally. Absent this evidence, here, the civil immunity doctrine ensures and encourages enforcement of public health and safety laws without the threat of reprisal. For these reasons, Defendant Dunbar has absolute immunity from civil lawsuits when acting in his official capacity to enforce the City of Columbus housing code against Plaintiff.

### D. *Rooker-Feldman* Doctrine

Additionally, the Magistrate Judge noted in the R&R that Plaintiff's claim is also barred by the *Rooker-Feldman* doctrine. (ECF No. 10 at 6). The doctrine "bars lower federal courts from conducting appellate review of final state-court judgments." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012). Only state courts and the United States Supreme Court may review state level judgments. *See* 28 U.S.C. § 1257. While *Rooker-Feldman* does not preclude all suits arising out of state-level judgments, "[i]f the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury . . . then the plaintiff asserts an independent claim." *Berry*, 688 F.3d at 299 (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)).

Here, Plaintiff seeks redress from the Franklin County Municipal Court order of fines until the property is brought up to code and the public nuisance is abated. (ECF No. 3 at 6). Plaintiff also requests a permanent injunction ending enforcement of the code against his real property. (*Id.*). Plaintiff maintains the judgment demonstrates the attempt by the Defendants to steal his property from him through illegal means. (ECF No. 6 at 7). Plaintiff's alleged injury does not arise out of some other means, such as a request for future protection of speech, but from the state court decision. *See Berry*, 688 F.3d at 300. For these reasons, the *Rooker-Feldman* doctrine applies to

8

Plaintiff's Complaint. Even if the Defendants were not protected by their respective immunities, this Court would still be barred from hearing Plaintiff's Complaint.

## IV. MOTIONS TO STAY PROCEEDINGS

On March 3, 2022, Plaintiff filed a Notice and Memorandum in Support of a Motion to Stay Proceedings and Add Evidence to his claims in both cases. (ECF No. 12 in Case No. 21-cv-4447; ECF No. 9 in Case No. 21-cv-4680). In it, he asked this Court to stay ongoing proceedings against him in the Franklin County Municipal Court, Environmental Division, pending resolution of this action. (*Id.* at 2 (citing Case No. 2016 EVH 060329)). A review of the Franklin County Municipal Court's docket demonstrates that the proceedings against Mr. Hinkle are closed, and all appeals were dismissed. Construing Plaintiff's notices as motions, this Court **DENIES** the Motions to Stay as **MOOT**.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Objections (ECF No. 11 in Case No. 2:21-cv-4447; ECF No. 8 in Case No. 21-cv-4680) to the Magistrate Judge's R&R are **OVERRULED**. The Report & Recommendations (ECF No. 10 in Case No. 2:21-cv-4447; ECF No. 7 in Case No. 21-cv-4680) are **ADOPTED**. Plaintiff's Motions to Stay Proceedings (ECF No. 12 in Case No. 21-cv-4447; ECF No. 9 in Case No. 21-cv-4680) are **DENIED** as **MOOT**. Plaintiff's claims, in both above-captioned cases, are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATE: February 22, 2023**